IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER PARSONS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4302 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This is a suit under 42 U.S.C. § 1983 brought by Walter and Beverly Parsons, the parents of Jeremy Parsons ("Parsons"). The suit is based on Parsons's death in the City of Houston jail the night he was arrested for public intoxication. Before Parsons was admitted to the jail, the police took him to the emergency room at the Ben Taub Hospital, where he was medically evaluated. The plaintiffs have sued Houston police officer M. L. Peel, who arrested Parsons, and jail employee Sam Babalola, who gave Parsons medication when he complained of pain later that night at the jail.[1] The plaintiffs have also sued the doctor who examined Parsons at the hospital, identified as "Dr. Simpson," and his employer, the Baylor College of Medicine ("Baylor"). The plaintiffs asserted a Fourteenth Amendment deliberate-indifference claim against Baylor based on Dr. Simpson's medical examination. Baylor has filed a motion to dismiss under Rule 12(b)(6), arguing that the plaintiffs' second amended complaint fails to state a Fourteenth Amendment deliberate-indifference claim against it.

---

[1]  This court has dismissed one of the two claims again Peel and the single claim against Babalola.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The federal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of cause of action will not do." *Id*. (internal quotation marks and citation omitted).

"Prison officials violate the Eighth Amendment when they demonstrate deliberate indifference to a prisoner's serious medical needs constituting an unnecessary and wanton infliction of pain."[2] *Brewster v. Dretke*, 587 F.3d 764, 769-70 (5th Cir. 2009) (citing *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.

---

[2] "As a pretrial detainee, [Parsons's] constitutional rights flowed from the due process guarantees of the Fourteenth Amendment rather than from the Eighth Amendment's prohibition against cruel and unusual punishment." *Garcia v. City of El Paso*, 79 F. App'x 667, 669 (5th Cir. 2003) (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Nevertheless, "[c]laims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody [are] analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009); *see also Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) ("[T]here is no significant distinction between partial detainees and convicted inmates concerning basic human needs such as medical care . . . . When the alleged unconstitutional conduct involves an episodic act or omission, the question is whether the state official acted with deliberate indifference to the inmate's constitutional rights, regardless of whether the individual is a pretrial detainee or state inmate.").

2001). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Id*. at 838. A claim that prison medical personnel made a incorrect diagnosis does not state a cause of action for deliberate indifference in providing medical care. *Domino*, 239 F.3d at 756 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). A plaintiff must allege and raise a fact issue as to whether prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238.

      The plaintiffs' complaint lacks sufficient and necessary factual allegations to state a plausible claim for deliberate indifference against Baylor under the Fourteenth Amendment. Aside from the conclusory allegation that the medical personnel at the Ben Taub Hospital were deliberately indifferent to Parsons's medical needs, the plaintiffs alleged that Parsons was taken to the emergency room where he was evaluated by Dr. Simpson. The plaintiffs further alleged that Parsons told the hospital staff that he had consumed 60 mg of methadone at some point; that his vital signs were taken; and that he spent four minutes at the emergency room before he was medically cleared. There are no allegations that make it plausible to infer that Parsons was in serious need of medical attention such that his health would be endangered without it. The plaintiffs' allegations do not support the inference that Baylor – or its employee, Dr. Simpson – "refused to treat [Parsons], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that

would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238. The allegations that Parsons was evaluated in four minutes and was not admitted to the hospital for additional observation or treatment may support the inference that medical personnel were negligent, but negligence is not deliberate indifference. *See Domino*, 239 F.3d at 756 (stating that "the 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference" (citing *Farmer*, 511 U.S. at 838)).

Baylor's motion to dismiss is granted.[3]  No later than **March 8, 2012**, the plaintiffs may amend their complaint to attempt to state a viable deliberate-indifference claim against Baylor.

SIGNED on February 14, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[3]  Because the plaintiffs failed to plead a plausible deliberate-indifference claim against Baylor, there is no need to address Baylor's additional arguments for dismissal – that Baylor is not a "person" under § 1983 or that the plaintiffs' claim is time barred.